COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Amier Gantt v. Harris County Central Technology Services, Harris County, & Terry Ortiz

Appellate case number:    01-19-00263-CV

Trial court case number:   2017-54479

Trial court:                281st District Court of Harris County

This is an appeal from the dismissal of an employment discrimination claim filed by Amier Gantt, who died during the pendency of the underlying litigation. The appeal was abated for the resolution of a question whether Gantt's widow was the correct party to represent the estate under Texas Rule of Civil Procedure 151. *See* TEX. R. CIV. P. 151 ("If the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name."). The trial court has conducted a hearing to resolve this question. Accordingly, we **reinstate** the appeal.

However, a question remains as to the timeliness of the notice of appeal. Specifically, the Court's records indicate that the notice of appeal, filed on April 4, 2019, may not have been timely filed to appeal the trial court judgment signed thirty-one days earlier, on March 4, 2019. *See* TEX. R. APP. P. 26.1 (requiring notice of appeal to be filed within thirty days after judgment is signed or within ninety days if timely motion for new trial is filed or within six months after judgment is signed for restricted appeal). The clerk's record filed in this appeal does not reflect that any post-judgment motion was filed. *See* TEX. R. APP. P. 329b(a) (requiring motion for new trial to be filed within thirty days after judgment or other order complained of signed); *see also* TEX. R. CIV. P. 329b(g). No motion to extend the time for filing a notice of appeal has been filed in this Court. *See* TEX. R. APP. P. 26.3 (appellate court may extend the time to file notice of appeal if, within 15 days after deadline for filing notice of appeal, party (a) files in trial court the notice of appeal and (2) files in the appellate court a motion complying with TEX. R. APP. P. 10.5(b)); *but see Hone v. Hanafin*, 959 S.W.2d 884, 886–87 (Tex. 2003) (instructing that appellate court may consider notice of appeal filed within 15-day period stated in TEX. R. APP. P.

26.3 as implied motion for extension of time *if* appellant reasonably explains failure to timely file notice of appeal). Without a timely filed notice of appeal, this Court lacks jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1.

On the same day this Court abated the appeal, the Court notified appellant of the untimeliness of the notice of appeal and requested a response demonstrating the Court's jurisdiction to decide the appeal. No response was received from appellant. Now the case has been reinstated, the Court again notifies appellant that it may dismiss this appeal unless appellant files a written response that demonstrates, with citation to the record, statutes, rules, and/or case law, that this Court has jurisdiction over the appeal. **Any response must be filed within 14 days of the date of this notice. Appellant must respond in writing even if appellant has previously claimed the notice of appeal was timely filed.**

**If a meritorious response is not received by the deadline, the Court may dismiss the appeal for want of jurisdiction without further notice.** *See* **TEX. R. APP. P. 42.3(a).**

Judge's signature: /s Amparo Guerra

Date: April 12, 2022